IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40914
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus

PEDRO RODRIGUEZ a/k/a Pipi,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-95-CR-280-3
- - - - - - - - - -
April 3, 1997
Before WISDOM, JOLLY and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Pedro Rodriguez appeals his conviction following a jury

trial for possession of marihuana with intent to distribute and

conspiracy commit the same.  Rodriguez challenges the legality of

coconspirator Ernesto Gonzalez's detention, search, and arrest

and the evidence that resulted from those activities.  Rodriguez

was not present at Gonzalez's arrest and does not assert he had

any possession or control over any of the items that were

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

searched and seized. Absent any violation of his privacy or property interests, Rodriguez's status as a coconspirator does not give him standing to challenge Gonzalez's search and arrest. United States v. Padilla, 508 U.S. 77, 81-82 (1993) (per curiam).

Rodriguez challenges the sufficiency of the evidence to support his conviction for conspiracy, specifically arguing that the district court erred by admitting Gonzalez's testimony without previously finding that there was an actual conspiracy and that Gonzalez's statements were made in furtherance of a conspiracy. Because Rodriguez failed to renew his motion for judgment of acquittal at the close of all of the evidence, our review is limited to plain error. Even without Gonzalez's testimony at trial, no manifest miscarriage of justice occurred in the conviction. The record was not devoid of evidence pointing to Rodriguez's guilt. See United States v. Davis, 30 F.3d 613, 615 (5th Cir. 1994). Finally, Rodriguez had the opportunity to cross-examine Gonzalez. Thus, his contention that his Sixth Amendment right to confrontation, as defined under Bruton v. United States, 391 U.S. 123 (1968), is without merit. See United States v. Steen, 55 F.3d 1022, 1033 n.26 (5th Cir.), cert. denied, 116 S. Ct. 577 (1995).

AFFIRMED.